IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>GTI CAPITAL HOLDINGS, LLC, an Arizona Limited Liability Company, dba ROCKLAND MATERIALS,<br><br>Debtor. | Chapter 7<br><br>Case Nos. 2:03-bk-07923-SSC and 2:03-bk-07924-SSC |
| In Re:<br><br>G.H. GOODMAN INVESTMENT COMPANIES, LLC,<br><br>Debtor. | |
| GRANT H. GOODMAN and TERI B. GOODMAN, husband and wife (as Guarantors-Sureties for GTI Capital Holdings, LLC, and G.H. Goodman Invest. Co. LLC; GHG Inc., (managing agent for Stirling Bridge, LLC, a Delaware limited liability company); STIRLING BRIDGE LLC (a Delaware limited liability company); NORTHERN HIGHLANDS I, II (Arizona limited liability companies),<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA PORTLAND CEMENT COMPANY, (a California corporation, dba Arizona Portland Cement Company); BOMBARDIER CAPITAL INC., EMPIRE SOUTHWEST LLC (a Delaware Limited Liability Company); BURCH & CRACCHIOLO, P.A., NORLING, | Adv. No. 2:09-ap-00006-SSC<br><br><br><br><br><br>**ORDER INCORPORATING MEMORANDUM DECISION DATED SEPTEMBER 15, 2009** |

1

KOLSRUD, SIFFERMAN, & DAVIS, PLC;
MARISCAL, WEEKS, MCINTYRE &
FRIEDLANDER, P.A.,

      Defendants.

Based upon this Court's Memorandum Decision dated September 15, 2009, which is herein incorporated by reference,

  IT IS ORDERED that the Plaintiffs' Motion to Remand is DENIED.

  IT IS FURTHER ORDERED that the Defendants' Motion to Dismiss is GRANTED. This Adversary is dismissed with prejudice, pursuant to Fed.R.Civ.P. 12(b)(6), as incorporated herein by Fed.R.Bankr.P. 7012(b).

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to 28 U.S.C.§ 1651(a), the All Writs Act, this Court enjoins Mr. Grant Goodman, whether acting pro se or on behalf of any other person or entity, Ms. Teri B. Goodman, any of the entities related to or affiliated with the Goodmans, from filing any complaint or pleading with a state or federal court, concerning any claim that they, individually, or collectively, may have against any person or entity related or pursuant to the Settlement Agreement[1], the Order Approving Settlement Agreement[2], or any other decision or order of the Court in the above-captioned Debtors' cases and whether said documents or proceedings in this Court somehow released, extinguished or affected the liability of Mr. Goodman, Ms. Goodman, or the Goodman-related entities or any guarantee that they provided of the Debtors' liabilities without first following the procedures in this Order.

---

**1.** As said term is defined in the Memorandum Decision dated March 17, 2008 in Adversary No. 07-ap-00031, at Docket Entry No. 51.

**2.** See Adversary No. 07-ap-00031, Docket Entry No. 52.

2

IT IS FURTHER ORDERED as follows: Mr. Goodman, Ms. Goodman, or any of the Goodman-related entities shall first file the proposed complaint with this Court. The complaint will not be placed initially on the Court's docket. No defendant need initially respond to the complaint. The Court shall review the complaint and determine whether the complaint should be summarily denied, or whether it should proceed. If the Court summarily denies the relief requested and dismisses the complaint, the summary denial and dismissal order and complaint shall be placed on the docket. If the Court allows the complaint to proceed, the Court will direct the clerk of Court to open a proceeding, assign a case number, and Mr. Goodman may proceed according to the Federal Rules of Bankruptcy Procedure or by other appropriate means.

Dated this 17th day of September, 2009.

The Honorable Sarah Sharer Curley
United States Bankruptcy Judge

BNC to notice.

3